IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br><br>MICHAEL D. SHADOAN (01),<br><br>　　　　　Defendant. | Case No. 16-40086-01-DDC |

## MEMORANDUM AND ORDER

Defendant Michael D. Shadoan has filed a Motion to Vacate (Doc. 69) under 28 U.S.C. § 2255.  It asserts, among other arguments, that he is actually innocent of the crime he pleaded guilty to committing—felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  *See* Docs. 26–28.  This argument rides the coattails of the Circuit's recent decision in *United States v. Hisey*, 12 F.4th 1231 (10th Cir. 2021).  The court agrees with Mr. Shadoan's *Hisey* argument, and so, it grants his motion.

The government concedes that *Hisey* would control the outcome of Mr. Shadoan's motion if *Hisey* were correctly decided.  But when it supplemented the briefing on Mr. Shadoan's motion, the government explained that it had asked the *Hisey* panel to grant rehearing.  The government based this rehearing petition on the idea that *Hisey* conflicts with the Supreme Court's decision in *Alabama v. Shelton*, 535 U.S. 654, 662 (2002).  The *Shelton* argument didn't convince the panel to rehear the appeal, however.  *See United States v. Hisey*, No. 20-3106 (10th Cir. Dec. 6, 2021).  And our Circuit recently rejected the government's *Shelton* argument in a similar case.  *United States v. Hilleland*, No. 21-3063, 2021 WL 5561019, at *1 (10th Cir. Nov. 29, 2021) (explaining that "*Shelton* was a Sixth Amendment case[,]" so its "holding does not

control when interpreting a federal statute, with a different text and purpose from the Sixth Amendment").

Like *Hilleland*, the court concludes that "*Hisey* controls this case, not *Shelton*." *Hilleland*, 2021 WL 5561019, at *1.  And applying the binding precedent of *Hisey*, the court concludes that Mr. Shadoan occupies the same position as the defendant in that case.  That is, the Kansas state court lacked any authority to impose any sentence on Mr. Shadoan other than probation.  This conclusion means that no court had convicted Mr. Shadoan of "a crime punishable by imprisonment for a term exceeding one year[.]"  18 U.S.C. § 922(g)(1).  Lacking that requisite conviction, he could not possibly commit the only crime the Indictment accused him of committing.  He thus is actually innocent of the only crime of conviction.

**IT IS THEREFORE ORDERED** that Mr. Shadoan's Motion to Vacate (Doc. 69) is granted.  This Order vacates that conviction and sentence.

**THE COURT FURTHER DIRECTS THE UNITED STATES** to file a motion seeking dismissal of the Indictment against Mr. Shadoan within 10 days of this Order (or, if the government does not intend to dismiss the Indictment, to file a motion seeking a status conference within the same period).

**IT IS SO ORDERED.**

**Dated this 11th day of January, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**